# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

ZACHARY KNOTTS,

        Plaintiff

v.                                                    Case No. 2:22-cv-00416

JENNIFER BAILEY,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDATION**

On September 27, 2022, Plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## **THE PLAINTIFF'S ALLEGATIONS**

This is one of two civil actions filed by Plaintiff against Kanawha County Circuit Court Judge Jennifer Bailey, both of which allege First Amendment and other constitutional or civil rights violations grounded in the denial of new and effective counsel, an in-person hearing, and other rulings made in Plaintiff's state court criminal proceedings pending in the Circuit Court of Kanawha County (Case Nos. 20F273 and 21F371). Specifically, Plaintiff claims that Judge Bailey violated his "freedom of speech" because she did not schedule an in-person hearing in his criminal case, and allegedly muted him during a "Zoom" hearing. Plaintiff further claims that he is proceeding

without effective counsel, that there are issues in his criminal cases concerning evidence that has been lost or tampered with, and issues concerning "unresolved bail." Finally, Plaintiff claims that Judge Bailey improperly ordered him to commence a 15-day stay at Sharpe Hospital in Weston, West Virginia, for a competency evaluation when he had previously had two other such evaluations and been found to be competent, which Plaintiff claims to be fraudulent conduct. (*Id*. at 5-8). As relief, Plaintiff requests that this federal court require Judge Bailey to relieve him of his former counsel, appoint him another attorney, and compel an in-person hearing. (*Id*. at 9).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding payment of any filing fee, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.[1] Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

---

[1] Section 1915A screening is applicable to a complaint that, *at the time of filing*, is brought by "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); *see also Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997) (prisoner status determined at time of filing of complaint); *Thrash v. Cloud*, No. 5:10-CT-3205-D, 2011 WL 9134011, *1 (Aug. 30, 2011) (section 1915A screening applicable even where Plaintiff pays full filing fee). Plaintiff's complaint represents, under penalty of perjury, that he was incarcerated at the South Central Regional Jail when he filed the instant complaint. Thus, his subsequent transfer to Sharpe Hospital for competency evaluations has no bearing on the application of § 1915A herein.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Furthermore, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with Plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez,* 210 F.3d 389 (10th Cir. 2000) (permitting sua sponte dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure); *Dement v. W. Va.* No. 2:20-cv-00388, 2020 WL 5502305, at *1 (S.D. W. Va. Sept. 11, 2020). Because it appears that this federal district court either lacks subject matter jurisdiction or should abstain from exercising such jurisdiction, the undersigned has not ordered service of process on the defendant or required her appearance herein.

## ANALYSIS

There are several reasons why this court cannot grant Plaintiff his requested relief. Accordingly, service of process has not been ordered and this matter should be summarily dismissed, notwithstanding Plaintiff's payment of the filing fee. The undersigned will address each reason in turn.

### A.   Judicial Immunity

The sole defendant in this action is Kanawha County Circuit Court Judge Jennifer Bailey. Concerning the allegations contained in the complaint, Judge Bailey is a judicial officer who was engaged in her official duties in connection with Plaintiff's criminal proceedings. It is firmly settled that judges are immune from liability for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

It is a judge's duty to decide all cases within her jurisdiction that are brought before her, including controversial cases that arouse the most intense feelings in the litigants. Her errors may be corrected on appeal, but she should not have to fear that unsatisfied litigants may hound her with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.

> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id*. Plaintiff's claims and the relief sought herein are grounded in actions taken by Judge Bailey in her judicial capacity. Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims are barred by absolute judicial immunity.

5

**B.     Mandamus Relief.**

The relief sought by Plaintiff (an order compelling a state judge to appoint new counsel and hold an in-person hearing) is equivalent to mandamus relief.  Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 (Emphasis added).  Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003).  Moreover, mandamus relief is available only when the plaintiff/petitioner has a clear right to the relief sought.  *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  However, this federal court does not have jurisdiction to grant mandamus relief against state officials, such as Judge Bailey.  *In re Smith*, 789 F. App'x 381, 382 (4th Cir. 2020) (citing *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *see also In re Myles*, 777 F. App'x 75, 76 (4th Cir. 2019); *Blake v. Hood*, No. 3:21-cv-00167, 2021 WL 2587169, at *4 (S.D.W. Va. June 1, 2021), *report and recommendation adopted*, 2021 WL 2580520 (S.D.W. Va. June 23, 2021) ("This Court has no general authority to compel action by the West Virginia circuit clerks, or by the State's director of inmate records.")  Because Plaintiff seeks an order from this federal court compelling action by a state judicial official, this court lacks jurisdiction to grant such relief.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction to issue mandamus relief to compel Judge Jennifer Bailey or the Kanawha County Circuit Court to appoint him new counsel, to hold an in-person hearing, or take any other action in a pending state criminal case.

### C. *Younger* Abstention.

Even if this Court did have subject matter jurisdiction over any of Plaintiff's claims, it should abstain from exercising such jurisdiction under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

It appears to the undersigned that Plaintiff's criminal proceedings, which implicate important state interests, are still on-going, and that Plaintiff would have adequate opportunity to present his alleged federal claims in the state court proceedings. Accordingly, the presiding District Judge should abstain from exercising jurisdiction over Plaintiff's claims and dismiss his Complaint for lack of jurisdiction.

### **RECOMMENDATION**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (ECF No. 1) and this civil action under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is now incarcerated at the South Central Regional Jail, as noted on the West Virginia Division of Corrections and Rehabilitation website.[2]

July 26, 2023

Dwane L. Tinsley
United States Magistrate Judge

---

[2] Despite Plaintiff's failure to inform the Court of the changes to his contact information, as required by Local Rule 83.5 of the Local Rules of Civil Procedure for the Southern District of West Virginia, the Clerk is directed to modify Plaintiff's address on the docket sheet.